IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| INDIAN INMATES OF THE NEBRASKA PENITENTIARY, and RICHARD THOMAS WALKER, | ) ) ) ) | |
| Plaintiffs, | ) ) | 4:72CV156 |
| v. | ) ) | |
| CHARLES L. WOLFF JR., LES AUMAN, LYNN WRIGHT, TERESA PREDMORE, MICHAEL KENNEY, and HAROLD W. CLARKE, | ) ) ) ) ) ) | MEMORANDUM AND ORDER ON BREACH OF SETTLEMENT AGREEMENT AND ISSUE OF TRANSFER TO STATE COURT |
| Defendants. | ) | |

Michael J. Sims, on behalf of the plaintiffs, has filed a "Motion for Contempt or Breach of a Settlement Agreement. Rule 60(B) § 5 & 6," ECF No. 287.  The defendants' response to that motion, ECF No. 292, charges that this court has no jurisdiction over that issue.  It appears to me that the defendants are correct.

The settlement agreement the plaintiffs claim is being violated by the Director of Corrections is the settlement agreement that was approved by me in a judgment dated March 15, 2005, ECF No. 284.  Neither the settlement agreement nor the judgment dated March 15, 2005, ECF No. 284, speaks of retaining jurisdiction over the settlement agreement nor incorporates the terms of the settlement agreement in the order.  *Miener v. Missouri Department of Mental Health*, 62 F.3d 1126, 1127 (8th Cir. 1995), says:

> Ancillary jurisdiction to enforce a settlement agreement exists only "if the parties' obligation to comply with the terms of the settlement

agreement [is] made part of the order of dismissal–either by . . . a provision 'retaining jurisdiction' over the settlement agreement [] or by incorporat[ion of] the terms of the settlement agreement in the order." [Citing *Kokkonen*, ____ U.S. at ____, 114 S.Ct. at 1677. Ancillary jurisdiction to enforce the agreement exists in these situations because breach of the agreement violates the district court's judgment. *Id.* Absent action making the settlement agreement part of a settlement order, "enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." *Id.*

Thus, with there being in the present case no provision retaining jurisdiction over the settlement agreement or incorporation of terms of the settlement agreement in the order, no jurisdiction of the federal court remains.

With no jurisdiction of the federal court remaining, the question is whether this action should be transferred to the District Court of Lancaster County, Nebraska. I shall give counsel the opportunity to express their views about that.

IT IS ORDERED that counsel shall present their views in writing on or before December 1, 2012, about whether this case, limited to the Motion for Contempt or Breach of Settlement Agreement, ECF No. 287, is concerned, should be transferred to the District Court of Lancaster County, Nebraska.

Dated November 14, 2012.

BY THE COURT

Warren K. Urbom
United States Senior District Judge

-2-